IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-674-D

| | |
|---|---|
| TAMMY FAYE WILFONG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CHARLES CARPENTER MEEKER, ) | |
| ) | |
| Defendant. ) | |

On October 16, 2012, Tammy Faye Wilfong ("Wilfong" or "plaintiff"), proceeding pro se, filed a complaint asserting violations of various federal criminal statutes, the Equal Protection Clause of the Fourteenth Amendment, and N.C. Gen. Stat. § 99D-1 [D.E. 1]. Wilfong's complaint appears to have been drafted by non-lawyer Phillip Carver ("Carver") "as a 'Private Attorney General' under Civil Rights Act of 1866." Compl. 5. Essentially, Wilfong alleges that defendant Charles Meeker, while serving as the mayor of Raleigh, approved a land development plan adjoining Wilfong's property which adversely affected her property. Id. 6–9. Wilfong seeks "declaratory or compensatory putative relief or Summary Judgment of One Million dollars." Id. 10.

On October 18, 2012, the court issued summons [D.E. 4]. On November 12, 2012, Meeker's counsel entered a notice of appearance and sought and received an extension of time in which to answer or otherwise plead [D.E. 7–8, 11]. Although Meeker's counsel sought Wilfong's position on the requested extension, Wilfong did not respond to the letter. Mot. Extension [D.E. 7] 1–2. On November 15, 2012, Carver entered a "notice of appearance" on behalf of Wilfong and filed an objection to the requested extension [D.E. 12–13]. On November 16, 2012, Carver filed a motion for summary judgment [D.E. 14]. Wilfong did not sign the motion. On November 19, 2012, Carver

and Wilfong filed a "motion for joinder" [D.E. 15]. On March 12, 2013, Wilfong and Carver filed a motion to amend [D.E. 24]. Meeker responded in opposition to these motions [D.E. 16, 19, 25], and Wilfong has replied [D.E. 21, 23].

On December 10, 2012, defendant filed a motion to dismiss [D.E. 17]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Wilfong about the motions to dismiss, the consequences of failing to respond, and the response deadline [D.E. 20]. On December 27, 2012, Wilfong responded in opposition [D.E. 22]. As explained below, the court grants the motion to dismiss and denies the remaining motions.

I.

The court first addresses Carver's litigation efforts on Wilfong's behalf. Carver is not a lawyer,[1] and may not assert any claim on behalf of anyone else. See Myers v. Loudoun Cnty. Pub. Sch., 418 F.3d 395, 400 (4th Cir. 2005); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam). Carver's self-description as a "private attorney general" does not alter this analysis. "In no way does the concept of a 'private attorney general' permit an individual not licensed to practice law to represent a party in a court proceeding. An unlicensed individual who attempts to appear in a representative capacity for a party in court commits the unauthorized practice of law which is strictly prohibited." In re Pertuset, 485 B.R. 478, 2012 WL 6598444, at *11 (B.A.P. 6th Cir. 2012) (unpublished table decision) (citing 28 U.S.C. § 1654; Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir. 1991)); see Schieberl v. Avelo Mortg. LLC, No. C 08-3321 SI, 2008 WL 5120054, at *3 (N.D. Cal. Dec. 3, 2008) (unpublished). The court warns Carver that if he engages in the unauthorized practice of law, he is subject to sanctions.

---

[1] See [D.E. 25-1] (letter from North Carolina State Bar to Carver).

2

As for Wilfong's motion for summary judgment [D.E. 14], Wilfong seeks summary judgment and argues that Meeker improperly sought an extension of time in which to answer or otherwise plead. The motion is frivolous and is denied. See, e.g., Fed. R. Civ. P. 6(a)(3)–(4), (6), (6)(b)(1)(A); Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993); Colleton Prep. Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 n.3 (4th Cir. 2010); Mendez v. Elliot, 45 F.3d 75, 79 (4th Cir. 1995).

As for Wilfong's motion for joinder [D.E. 15], Wilfong seeks consolidation. Specifically, Wilfong seeks to remove and consolidate a state court case in this action along with Carver's pending action, Carver v. Raleigh Police Dept., et al., No. 5:12-CV-00658-BO (E.D.N.C.). Mot. Joinder 1. Because the actions lack common questions of law or fact, the motion is denied. See Fed. R. Civ. P. 42(a)(2); A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Co., 559 F.2d 928, 933 (4th Cir. 1977).

As for Wilfong's motion to amend the complaint [D.E. 24], Wilfong seeks to add Carver as a plaintiff and assert claims "for Damages relating to the false Arrest of . . . Carver, at a mediation" and for injuries Carver asserts he suffered as a result of drinking water at Wilfong's home, and asks "this court . . . to indict and investigate Charles Carpenter Meeker under Treason, Fraud, or Environmental crimes, for profit." Mot. Amend 1–2. Under Federal Rule of Civil Procedure 15(a)(1)(B), a plaintiff may amend her complaint once as a matter of course within 21 days after the earlier of (1) service of a responsive pleading or (2) service of a motion under Rule 12(b), (e), or (f). After expiration of this time period, a party may amend only with either the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). Wilfong filed the motion more than 21 days after Meeker served his motion to dismiss on her, and Meeker opposes the motion to amend.

3

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008); see Foman v. Davis, 371 U.S. 178, 182 (1962). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Foman, 371 U.S. at 182; see Pub. Emps.' Ret. Ass'n of Colo. v. Deloitte & Touche LLP, 551 F.3d 305, 313 n.3 (4th Cir. 2009); Nourison, 535 F.3d at 298.

Wilfong's amendment would be futile. Carver's claim for false arrest duplicates his allegations in Carver v. Raleigh Police Dep't, et al., No. 5:12-CV-00658-BO, and is subject to dismissal for that reason alone. See, e.g., Cottle v. Bell, No. 00-6367, 2000 WL 1144623, at *1 (4th Cir. Aug. 14, 2000) (per curiam) (unpublished) (citations omitted); I.A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1551–52 (11th Cir. 1986) (collecting cases). Carver's claims against Meeker also fail to state a claim upon which relief can be granted. Thus, the motion to amend is denied as futile.

Next, the court addresses Meeker's motion to dismiss Wilfong's complaint. A motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. A court also "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Moreover, a court may take judicial

4

notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

To the extent that Wilfong asserts any claim under 42 U.S.C. § 1983, "[t]o state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see Filarsky v. Delia, 132 S. Ct. 1657, 1661–62 (2012); Philips, 572 F.3d at 180. Additionally, a section 1983 plaintiff must allege the personal involvement of a defendant. See, e.g., Iqbal, 556 U.S. at 676; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985). Negligence claims are not actionable under section 1983. See Daniels v. Williams, 474 U.S. 327, 330–31 (1986); Pink v. Lester, 52 F.3d 73, 77–78 (4th Cir. 1995). Moreover, section 1983 does not impose liability for violations of duties of care arising under state law. See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 201–02 (1989).

Wilfong has failed to plausibly identify any violation of the United States Constitution. To the extent Wilfong asserts an equal protection violation, the equal protection clause provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). Wilfong has not stated that she was treated differently from any person with whom she is similarly situated. Although pro se litigants are held to less stringent pleading standards than attorneys, the court is not required to accept as true legal

5

conclusions or unwarranted factual inferences. See, e.g., Iqbal, 556 U.S. at 678–79; Twombly, 550 U.S. at 555; Coleman, 626 F.3d at 190. Wilfong has not made plausible allegations to support any equal protection claim. See, e.g., Coleman, 626 F.3d at 190–91. Thus, Wilfong has failed to state a claim upon which relief may be granted, and this claim is dismissed.

To the extent Wilfong asserts violations of federal criminal statutes, "the United States and its attorneys have the sole power to prosecute criminal cases in the federal courts," and private citizens cannot petition federal courts to compel the criminal prosecution of another person. See Maine v. Taylor, 477 U.S. 131, 136–37 (1986); Leeke v. Timmerman, 454 U.S. 83, 86–87 (1981) (per curiam); Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). Thus, the court dismisses any claim predicated on a federal criminal statute.

Wilfong's assertion that Meeker violated N.C. Gen. Stat. § 99D-1 also fails to state a claim. "To state a claim under this statute, a plaintiff must aver the existence of a conspiracy designed to interfere with her constitutional rights." Jaffer v. Nat'l Caucus & Ctr. on Black Aged, Inc., 296 F. Supp. 2d 639, 644 (M.D.N.C. 2003). "A plaintiff must also sufficiently allege that the persons engaged in the conspiracy used force, repeated harassment, violence, physical harm, or direct or indirect threats of physical harm to 'commit an act in furtherance of the object of the conspiracy.'" Bin Xu v. Univ. of N.C. at Charlotte, No. 3:08CV403-RLV, 2010 WL 5067423, at *5 (W.D.N.C. Dec. 6, 2010) (unpublished) (quoting and citing N.C. Gen. Stat. § 99D-1(b)). Conclusory allegations of a conspiracy do not demonstrate the "meeting of the minds" element and therefore fail to state a claim. See, e.g., Simmons v. Poe, 47 F.3d 1370, 1377 (4th Cir. 1995). Wilfong fails to plausibly allege a "meeting of the minds" between Meeker and any other person to violate her constitutional rights. See Jaffer, 296 F. Supp. 2d at 645; Townsend v. Bd. of Educ. of Robeson Cnty., 118 N.C. App. 302, 305–06, 454 S.E.2d 817, 819 (1995); cf. Iqbal, 556 U.S. at 678–79.

6

Finally, to the extent that Wilfong seeks relief against Meeker from his participation as mayor in the decision of the Raleigh City Council to approve the development which resulted in injuries to her property, Wilfong sues Meeker in his legislative capacity. Meeker, however, is entitled to legislative immunity as to the section 1983 claim against him. See, e.g., Bogan v. Scott-Harris, 523 U.S. 44, 54 (1998); Bruce v. Riddle, 631 F.2d 272, 279 (4th Cir. 1980); Molamphy v. Town of S. Pines, No. 1:02CV00720, 2004 WL 419789, at *12 (M.D.N.C. Mar. 3, 2004) (unpublished).

II.

In sum, the court GRANTS the motion to dismiss [D.E. 17] and DENIES the remaining motions [D.E. 14–15, 24]. The clerk shall close the case.

SO ORDERED. This **20** day of April 2013.

*[signature]*
JAMES C. DEVER III
Chief United States District Judge

7

Case 5:12-cv-00674-D   Document 26   Filed 04/22/13   Page 7 of 7